```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF GEORGIA
                    ATHENS DIVISION
```

| | |
|---|---|
| DIVERSIFIED GOLF LLC,          * | |
|     Plaintiff,          * | |
| vs.                            * | |
|                                    | CASE NO. 3:11-CV-44 (CDL) |
| TRANS WORLD COMMERCIAL &        * | |
| EQUITY, LLC, *et al.*, | |
|                                    * | |
|     Defendants. | |
|                                    * | |

<u>O R D E R</u>

Plaintiff Diversified Golf ("Diversified") filed this action on March 18, 2011. Subject matter jurisdiction is premised on 28 U.S.C. § 1332. Compl. ¶ 10, ECF No. 1. Defendant Jane Boyles ("Boyles") failed to answer or otherwise appear, and the Clerk entered default against her. The Court then entered a default judgment against Boyles. Diversified sought to depose Boyles during post-judgment discovery, but Boyles failed to appear for her deposition and also failed to produce requested documents, and Diversified filed a Motion to Compel (ECF No. 19). In response, Boyles filed a Motion to Set Aside Default Judgment (ECF No. 21), contending that the Court lacks subject matter jurisdiction over this action because Diversified and Boyles are both citizens of Georgia, so subject matter jurisdiction cannot be based on 28 U.S.C. § 1332. For the reasons set forth below, the Court concludes that Boyles is

a citizen of South Carolina, not Georgia.  Therefore, the Court denies Boyles's Motion to Set Aside Default Judgment (ECF No. 21).  The Court grants Diversified's Motion to Compel (ECF No. 19) and orders Boyles to respond to Diversified's document requests and to appear for her post-judgment deposition.

SUBJECT MATTER JURISDICTION STANDARD

Boyles claims that the district court lacked subject-matter jurisdiction over the present action because there was not complete diversity between the parties at the time the Complaint was filed.  Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff.  28 U.S.C. § 1332(a)(1); *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005).  Citizenship for diversity purposes is determined at the time the suit is filed. *MacGinnitie*, 420 F.3d at 1239.  Where the plaintiff asserts diversity, it is the plaintiff's burden to prove that there is diversity.  *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007).

For purposes of diversity jurisdiction, citizenship "is equivalent to 'domicile.'"  *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam).  "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom. . . ."  *Id.* at 1257-

58 (alteration in original) (internal quotation marks omitted). A change of domicile requires "(1) physical presence at the new location [and] (2) an intention to remain there indefinitely." *Id.* at 1258 (internal quotation marks omitted).

FACTUAL BACKGROUND

Diversified filed its Complaint on March 18, 2011. *See generally* Compl. Boyles was personally served with the Complaint and Summons on March 22, 2011 at 2807 Wagener Road, Aiken, South Carolina. Pl.'s Resp. to Def.'s Mot. to Set Aside Ex. A, Summons & Aff. of Service, ECF No. 26-1. Boyles contends, however, that she "has been a proud and active citizen of the State of Georgia since 1994" and was a citizen of Georgia on March 18, 2011. Def. Boyles's Resp. to Pl.'s Mot. to Compel 2, ECF No. 21. In support of this assertion, Boyles points to the following evidence:

(1) Georgia driver's license for Jane Boyles, which lists an address of 650 Crown Point Drive, Martinez, Georgia. Def. Boyles's Am. Resp. to Pl.'s Mot. to Compel Ex. CD1, Georgia Driver's License, ECF No. 22-2. The driver's license was issued on January 13, 2010 and has an expiration date of January 18, 2014. *Id.*

(2) Georgia real estate license for Jane Boyles, which was originally issued in 2002 and contains an "end of renewal" date of January 31, 2015. Def. Boyles's Am. Resp. to Pl.'s Mot. to Compel Ex. CD2, Georgia Real Estate License, ECF No. 22-3.

(3) Medicare Summary Notice for Jane Boyles dated May 13, 2010, which lists an address of 650 Crown Point Drive, Martinez, Georgia. Def. Boyles's Am. Resp. to Pl.'s Mot. to Compel Ex. CD3, Medicare Summary Notice, ECF No. 22-4.

(4) Social Security Administration "Important Information" dated November 28, 2011 and addressed to Jane Boyles at 650 Crown Point Drive, Martinez, Georgia. Def. Boyles's Am. Resp. to Pl.'s Mot. to Compel Ex. CD4, Social Security Administration Notice, ECF No. 22-5.

(5) 2009 and 2010 Individual Federal Tax Returns for Jane Boyles, which list her address as 650 Crown Point Drive, Martinez, Georgia. Def. Boyles's Am. Resp. to Pl.'s Mot. to Compel Exs. CD6-CD7, 2009 & 2010 U.S. Individual Tax Returns, ECF Nos. 22-7, 22-8.

(6) Georgia Motor Vehicle Registration for Jane Boyles with an issue date of January 18, 2011 and an expiration date of January 18, 2012, which lists her address as 650 Crown Point Drive, Martinez, Georgia. Def. Boyles's Am. Resp. to Pl.'s Mot. to Compel Ex. CD8, State of Georgia Motor Vehicle Registration, ECF No. 22-9.

(7) Georgia Voter History for Jane Boyles dated December 13, 2011, which states that Boyles's voter status is "active," lists an address of 608 Crown Point Drive, Martinez, Georgia and states that Boyles last voted in the 2010 general election. Def. Boyles's Am. Resp. to Pl.'s Mot. to Compel Ex. CD9, Georgia Voter History, ECF No. 22-10.

Diversified asserts that Boyles is a citizen of South Carolina. In support of this assertion, Diversified points to the following evidence:

(1) Boyles was personally served with the Complaint and Summons on March 22, 2011 at a residence located at 2807 Wagener Road, Aiken, South Carolina, 29801. Aff. of Service, ECF No. 6 at 3 of 3; Pl.'s Resp. to Def.'s Mot. to Set Aside Ex. A, Summons & Aff. of Service, ECF No. 26-1. The property is owned by Pansy Moyer, who is Boyles's mother, and Boyles rents the house from her. Pl.'s Resp. to Def.'s Mot. to Set Aside Ex. B, Greene Decl. ¶ 4, ECF No. 26-2; Green Decl. Ex. B-1, Aiken County Ownership Information for 2807 Wagener Road, ECF No. 26-3; Pl.'s Resp. to Def.'s Mot. to Set Aside Ex. F, Curry Dep. 73:8-16, ECF No. 26-19 [hereinafter Curry Dep. I]. Boyles's parents, Pansy and James Moyer, live nearby at 2811 Wagener Road. Greene Decl. ¶ 5; Curry Dep. I 73:8-16.

(2) Boyles has, in several documents filed with the Court, listed her mailing address as 4115 Columbia Road, Suite 5, Box 232, Martinez, Georgia. *E.g.*, Def. Boyles's Am. Resp. to Pl.'s Mot. to Compel 2, ECF No. 22. The address belongs to a UPS store. Greene Decl. ¶ 6. Mail sent by the Court to Boyles at that address has been returned as undeliverable. Returned Mail, ECF No. 25; Returned Mail, ECF No. 27.

(3) Boyles represented to the attorney who represented her in the real estate transaction at issue in this lawsuit that Boyles lived in South Carolina. Pl's Resp. to Def.'s Mot. to Set Aside Ex. H, Tarrer Dep. 26:2-25, ECF No. 26-21.

(4) Boyles opened a Bank of America checking account for her company, Trans World Commercial & Equity; she used the address of 2807 Wagener Road, Aiken, South Carolina. Greene Decl. ¶ 7; Greene Decl. Ex. B-4, Bank Statement for Trans World Commercial & Equity, Inc., ECF No. 26-6; Greene Decl. Ex. B-5, Signature Card for Trans World Commercial & Equity, Inc. Bank Account, ECF No. 26-7.

(5) Boyles opened a Bank of America checking account for another company, Renaissance Walk, LLC; she used the address of 2807 Wagener Road, Aiken, South Carolina. Greene Decl. ¶ 8; Greene Decl. Ex. B-7, Bank Statement for Renaissance Walk, ECF No. 26-9; Greene Decl. Ex. B-8, Signature Card for Renaissance Walk Bank Account, ECF No. 26-10.

(6) Boyles maintains an active South Carolina real estate license. Greene Decl. ¶ 9.

(7) Boyles received Diversified's Motion to Compel via Federal Express at 2807 Wagener Road, Aiken, South Carolina. Greene Decl. ¶ 11; Greene Decl. Ex. B-13 at 2, FedEx Tracking Update, ECF No. 26-15.

Diversified also points out that most of the documents Boyles relies on in support of her contention that she is a Georgia citizen list her address as 650 Crown Point Drive, Martinez, Georgia. Boyles contends that she "lives with Sidney Curry" at that address. Def. Boyles's Reply in Supp. of Mot. to

Set Aside Default Judgment 3, ECF No. 31. In support of this assertion, Boyles points to Curry's deposition testimony. *Id.* The cited testimony, however, does not support the assertion that Boyles lives with Curry at 650 Crown Point Drive. Def. Boyles's Reply in Supp. of Mot. to Set Aside Default Judgment Ex. CD15, Curry Dep. 15:9-16:11, ECF No. 31-3 [hereinafter Curry Dep. II] (stating that Curry had a "personal relationship" with Boyles and that Curry rented a townhouse located at 608 Crown Point Drive to Boyles). Curry testified that Boyles does *not* live with him at 650 Crown Point Drive. Curry Dep. II 16: 14-15; Curry Dep. I 91:25-92:2. Rather, he testified that she lives on Wagener Road in Aiken, South Carolina. Curry Dep. I 20:4-18. Boyles did rent a townhouse from Curry, and the townhouse was located at 608 Crown Point Drive, Martinez, Georgia. Curry Dep. II 15:24-16:19. Boyles vacated the townhouse "four or five years" before 2011. Curry Dep. I 16:20-17:6. Boyles does use Curry's address, 650 Crown Point Drive, as a "drop box" for mail, and Curry forwards the mail to her. *Id.* 55:11-13.

DISCUSSION

In determining an individual's place of domicile, the courts generally consider a variety of facts, including "driver[']s license, tax returns, banking statements, voter registration, medical records, utility and phone bills,

6

employment records, and vehicle registrations." *Sunseri v. Macro Cellular Partners*, 412 F.3d 1247, 1249 (11th Cir. 2005). "Courts generally give little weight to a party's profession of domicile; they do so because these declarations are often self-serving." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 (11th Cir. 2011).

In this case, Boyles pointed the Court to a driver's license, a Medicare summary notice, a Social Security notice, two individual federal tax returns and a motor vehicle registration. As discussed above, all of these documents list Boyles's address as 650 Crown Point Drive, Martinez, Georgia. According to Curry, the owner and resident of the residence at 650 Crown Point Drive, Boyles does not live there and did not live there when Diversified's Complaint was filed. Rather, Boyles merely uses the address as a "drop box" for mail, and Curry forwards the mail to her. Curry Dep. I 55:11-13. The Court therefore concludes that none of these documents establishes that Boyles is a citizen of Georgia. Boyles also pointed the Court to a Georgia voter history document. This document, which lists an old address where Boyles has not lived in several years, likewise does not establish that Boyles is a Georgia citizen.

The remaining evidence, submitted by Diversified, shows that Boyles is a South Carolina citizen and was at the time of

7

the filing of the Complaint in this action. Boyles was served with the Complaint and Summons in South Carolina, and she also received Diversified's Motion to Compel in South Carolina. Boyles opened bank accounts for two of her businesses in South Carolina, using her South Carolina address. Boyles's attorney and her friend, Curry, testified that Boyles lives in South Carolina. Based on all of the evidence, the Court concludes that Boyles is a South Carolina citizen. *Cf. Sunseri*, 412 F.3d at 1249 (affirming finding of California domicile based on mortgage documents listing California as party's primary residence, despite evidence of Nevada driver's license, tax returns, banking statements, voter registration, medical records, utility and phone bills, employment records, and vehicle registrations). Boyles's Motion to Set Aside Default Judgment (ECF No. 21) is therefore denied, and Diversified's Motion to Compel (ECF No. 19) is granted.

## RELIEF GRANTED

Boyles shall produce documents in response to Diversified's document requests by June 8, 2012. Boyles is ordered to appear for a post-judgment deposition upon receiving notice of the time, date and place of the deposition from Diversified's counsel. Boyles is also ordered to provide Diversified's counsel with a valid telephone number and email address where she may be reached so that counsel for Diversified can arrange a

8

mutually convenient time and date for the deposition. Should Boyles fail to comply with her post-judgment discovery obligations and this Order, the Court will hold Boyles in contempt. *See* Fed. R. Civ. P. 37(b)(2)(A)(vii).

In connection with its Motion to Compel, Diversified sought sanctions under Federal Rule of Civil Procedure 37. Under Federal Rule of Civil Procedure 37(a)(5), if a motion to compel discovery responses is granted, the Court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5); *accord* Fed. R. Civ. P. 37(d)(3) (stating that a court "must require" the party failing to attend a deposition or respond to a request for inspection "to pay the reasonable expenses, including attorney's fees, caused by the failure"). Within fourteen (14) days of today's Order, Diversified shall provide the Court with evidence of the expenses incurred in making the Motion to Compel. Boyles shall have fourteen (14) days to respond and explain why she should not be sanctioned.

## CONCLUSION

As previously explained, Boyles's Motion to Set Aside Default Judgment (ECF No. 21) is denied, and Diversified's

9

Motion to Compel (ECF No. 19) is granted.  Failure to comply with today's Order shall subject Boyles to contempt proceedings.

The Clerk is directed to send a copy of this Order to Boyles's Martinez, Georgia address listed in the Court's electronic filing system.  Given that some of the Court's mail to the Martinez, Georgia address has been returned as undeliverable, the Clerk shall also send a copy of this Order to Boyles at 2807 Wagener Road, Aiken, South Carolina, 29801.

IT IS SO ORDERED, this 14th day of May, 2012.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE
