```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                         ATHENS DIVISION
```

DIVERSIFIED GOLF LLC,            *

    Plaintiff,                 *

vs.                              *
                                       CASE NO. 3:11-CV-44 (CDL)
TRANS WORLD COMMERCIAL &         *
EQUITY, LLC, *et al.*,
                              *

    Defendants.
                                  *

O R D E R

Plaintiff Diversified Golf LLC ("Diversified") filed a Motion to Compel Defendant Jane Boyles ("Boyles") to comply with her post-judgment discovery obligations, and the Court granted that motion. *Diversified Golf LLC v. Trans World Commercial & Equity, LLC*, No. 3:11-CV-44(CDL), 2012 WL 1673166, at *4 (M.D. Ga. May 14, 2012). Under Federal Rule of Civil Procedure 37(a)(5), if a motion to compel discovery responses is granted, the Court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5); *accord* Fed. R. Civ. P. 37(d)(3) (stating that a court "must require" the party failing to attend a deposition or respond to a request for inspection "to pay the reasonable expenses, including attorney's fees, caused by the failure").

Diversified seeks to recover fees and expenses associated with its Motion to Compel in the amount of $6,231.00.  Boyles does not challenge Diversified's entitlement to attorney's fees, but she does assert that the fees claimed are excessive.

In support of its request for attorney's fees, Diversified submitted the affidavit of its attorney, which details the fees and expenses Diversified incurred in bringing its Motion to Compel.  *See generally* Ratchick Aff., ECF No. 35.  Diversified claims $3,884.00 in attorney's fees and $306.00 in court reporter expenses incurred in traveling to and from Boyles's deposition, which Boyles did not attend.  Boyles does not dispute that Diversified may reasonably recover the $306.00 court reporter expenses, and the Court therefore awards that amount to Diversified.  Boyles also does not dispute that Diversified may reasonably recover attorney's fees associated with her failure to attend the deposition, but Boyles does contend that it is unreasonable for her to pay for two attorneys to attend the post-judgment deposition.  The Court agrees with Boyles.  Only one attorney was necessary to take Boyles's deposition.  The Court therefore awards Diversified $1,349.00 in attorney's fees related to Boyles's deposition.  This represents 7.1 hours of attorney Drew Greene's time at a rate of $190.00 per hour; Boyles does not challenge Greene's hourly rate.

Diversified also claims $2,041.00 in attorney's fees related to drafting and filing the Motion to Compel. Specifically, Diversified claims that a junior attorney, Drew Greene, spent 9.1 hours drafting the motion at an hourly rate of $190.00 and that a senior attorney, Scott Ratchick, spent 0.8 hours reviewing the motion at an hourly rate of $390.00 per hour.  Boyles does not challenge Ratchick's time or hourly rate related to the Motion to Compel, and the Court therefore awards Diversified $312.00 for Ratchick's time on the motion.  Boyles does contend that it was excessive for Greene to spend 9.1 hours drafting a short motion to compel.  The Court cannot conclude that 9.1 hours is clearly excessive, and the Court therefore awards Diversified $1,729.00 for Greene's time on the motion.

CONCLUSION

For the foregoing reasons, the Court concludes that Diversified may recover from Boyles attorney's fees and expenses in the amount of $3,696.00: $306.00 in court reporter expenses, $1,349.00 for Greene's time related to Boyles's deposition, $312.00 for Ratchick's time on the Motion to Compel, and $1,729.00 for Greene's time on the Motion to Compel.

IT IS SO ORDERED, this 12th day of June, 2012.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE